# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: C.T.

No. 15-0742 (Raleigh County 15-JA-015-K)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.B., by counsel Benjamin N. Hatfield, appeals the Circuit Court of Raleigh County's July 1, 2015, order terminating her parental rights to C.T. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Shannon L. Baldwin, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in proceeding to adjudication and disposition because petitioner lacked notice of those hearings.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2015, the DHHR filed an abuse and neglect petition and alleged that on February 4, 2015, petitioner advised nurses at the hospital where C.T. was born that she lost her parental rights to older children. According to the petition, which included a previous circuit court order as an exhibit, petitioner's parental rights to at least one other child were involuntarily terminated in an earlier abuse and neglect proceeding. Petitioner also indicated that, while pregnant with C.T., she abused controlled substances, including intravenously, although she tested negative on admission. Two days later, a nurse caring for C.T. contacted the DHHR and advised that the infant exhibited signs of withdrawal and was being kept at the hospital for further observation and determination as to the need for methadone treatment. The circuit court then granted the DHHR emergency custody of the child.

Petitioner appeared in person for a preliminary hearing on March 6, 2015, and waived her right to the same. During the hearing, the circuit court ordered that petitioner undergo frequent and random drug testing. The circuit court also set forth the date and time for the adjudicatory

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

hearing during the preliminary hearing. In April of 2015, the circuit court held an adjudicatory hearing, which petitioner failed to attend. She was represented by counsel, however. During the hearing, petitioner's counsel submitted an unsigned stipulation to the DHHR. The DHHR proffered to the circuit court that petitioner admitted that she abused drugs during her pregnancy and that the child was thereafter treated for withdrawal. Petitioner's counsel stated that he had no information that would dispute this proffer. As such, the circuit court adjudicated C.T. as an abused child.

Thereafter, in May of 2015, the circuit court held a dispositional hearing, which petitioner again failed to attend. Her counsel, however, was again present. Ultimately, the circuit court terminated petitioner's parental rights to the child. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court proceeding to the adjudicatory and dispositional hearings in petitioner's absence. Simply put, the record does not support petitioner's contention that she lacked notice of these proceedings.

Pursuant to West Virginia Code § 49-6-1(b), after an abuse and neglect petition is filed, "[t]he petition and notice of the hearing shall be served upon both parents and any other custodian, giving to the parents or custodian at least ten days' notice." It is undisputed that petitioner received actual notice of the abuse and neglect proceedings against her, as she was present at the preliminary hearing in this matter. Further, it is clear that petitioner had actual notice of the adjudicatory hearing, as the matter was scheduled in her presence at the preliminary hearing. Moreover, petitioner's counsel stated on the record that he provided petitioner with written confirmation of the scheduled adjudicatory hearing during the preliminary hearing.

Clearly petitioner was provided notice of both the adjudicatory and dispositional hearings by her own counsel and the circuit court. The orders following the preliminary and adjudicatory hearings both contained information regarding the schedule for the next hearings, that is the

adjudicatory and dispositional hearings, respectively. Moreover, both orders specifically directed the circuit clerk to "provide a copy . . . to the petitioner, all counsel of record, and to any pro se parties and persons entitled to notice." This included petitioner. Additionally, petitioner's counsel stated at the dispositional hearing that he repeatedly mailed petitioner information regarding the proceedings, and that "none of [the letters] [came] back" to him. Pursuant to Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, "[n]otice of the date, time, and place of the disposition hearing shall be given to all parties, their counsel, and persons entitled to notice and the right to be heard." Based upon the evidence set forth above, the circuit court at disposition specifically found that "all parties were duly and timely notified of these proceedings," and the Court agrees with this finding. As such, we find no error in the circuit court proceeding to the adjudicatory and dispositional hearings in petitioner's absence.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 1, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II